# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHIT MOHIT, | Case No. 1:26-cv-03857-KES-EPG-HC |
| Petitioners, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |
| v. | |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

For the reasons set forth herein, the undersigned recommends granting the petition for writ of habeas corpus and ordering that Respondents immediately release Petitioner.

**I.**

**BACKGROUND**

Petitioner is a citizen of India who entered the United States on approximately April 27, 2023. Petitioner was released on parole on approximately April 28, 2023. Petitioner timely filed for asylum, completed check-ins, and completed the other conditions of release required of him. Petitioner has no criminal history. (ECF No. 1 at 7.[1]) On April 7, 2026, an immigration judge ("IJ") ordered Petitioner's removal to India. (ECF No. 6-3.) On April 14, 2026, Petitioner filed

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

an appeal with the Board of Immigration Appeals ("BIA") that is still pending. On April 15, 2026, Petitioner was re-arrested. (ECF No. 1 at 7.) On May 12, 2026, Petitioner had a custody redetermination hearing at the Conroe Immigration Court in Conroe, Texas, but he was denied bond due to lack of jurisdiction. Petitioner was eventually transferred to the Golden State Annex, where he remains detained. (Id. at 8.)

On May 19, 2026, Petitioner filed the instant petition for writ of habeas corpus, asserting the following claims for relief: (1) Petitioner's re-detention without notice and a pre-deprivation hearing violated due process; (2) the application of § 1225(b)(2) to Petitioner violates the Immigration and Nationality Act; and (3) the application of § 1225(b)(2) to Petitioner violates 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. (ECF No. 1 at 18–21.) On June 3, 2026, Respondent filed an answer, and Petitioner filed a reply on June 4, 2026. (ECF Nos. 6, 7.)

## II.

## DISCUSSION

Respondents argue that "Petitioner entered the United States illegally and is thus an 'applicant for admission' who is subject to mandatory detention" under 8 U.S.C. § 1225(b), the "due process claims of applicants for admission are coextensive with the applicable detention statute," and a "prior release does not have the effect of having converted an alien's presence in the United States into an admission." (ECF No. 6 at 2, 3.) These arguments have been rejected by this Court in other proceedings. See, e.g., Clene C.D. v. Robbins, No. 1:25-cv-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-cv-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-cv-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-cv-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

Respondents attempt to distinguish the instant matter from the cases in which this Court has granted habeas relief by arguing that "Petitioner was re-detained following an immigration

judge ordering Petitioner removed. Neither the statute nor the constitution requires an additional hearing before Petitioner may be re-detained once such a change in circumstances has occurred." (ECF No. 6 at 4.) Although an immigration judge may have issued a decision ordering Petitioner's removal, an "order of deportation" "become[s] final upon the earlier of--(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(47)(A), (B). Here, the IJ's removal order was issued on April 7, 2026. (ECF No. 6-3.) Petitioner had the right to appeal the decision to the Board of Immigration Appeals within thirty calendar days. (Id. at 3.) Petitioner was re-detained on April 15, 2026, before the thirty-day appeal period expired. Moreover, Petitioner filed an appeal with the BIA. Thus, the removal order is not final and was not executable at the time of Petitioner's re-detention.

Based on the foregoing, the undersigned recommends granting the petition for the reasons stated in cases set forth above.[2] Courts in this district have taken differing approaches to the relief granted to petitioners who have been released, subsequently re-detained, and denied bond hearings in violation of due process. In some cases, the immediate release of the petitioner has been ordered. See, e.g., Yurani Hortua v. Chestnut, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who had been released from immigration detention on parole, was arrested for theft but the case was resolved with community service and did not result in a conviction, and was re-detained at a routine six-month check-in); Carmen G.C. v. Robbins, No. 1:25-cv-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025) (ordering immediate release of petitioner who allegedly violated reporting requirements four times); Rocha Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who allegedly "incurred compliance violations" that were not identified and where respondents did not suggest the alleged violations were the reason for petitioner's re-detention).

[2] In light of this conclusion, the Court declines to address Counts Two and Three of the petition.

3

In other cases, bond hearings have been ordered rather than immediate release. See, e.g., J.E.H.G. v. Chesnut, No. 1:25-cv-01673-JLT SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements numerous times and was re-detained based on said violations); Paz Aguilera v. Albarran, No. 1:25-cv-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements one time and was re-detained based on said violation); Sharan S. v. Chesnut, No. 1:25-cv-01427-KES-SKO (HC), 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements eight times).

Here, Respondents do not allege, and there is nothing in the record before this Court, that Petitioner violated his conditions of release. Respondents do not contend that Petitioner is a danger or flight risk. Accordingly, the Court finds that Petitioner's immediate release is the appropriate remedy.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on Count One;

2. Respondents be directed to immediately release Petitioner from custody with the same conditions he was subject to immediately prior to his re-detention; and

3. Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[3]

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

---

[3] This does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

**FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 11, 2026**                /s/ _Erica P. Grosjean_
                                          UNITED STATES MAGISTRATE JUDGE